UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

CHARLENE P. KELLEY,  CIVIL NO. 18-1149 (DWF/DTS)

    Plaintiff,

v.  **REPORT AND RECOMMENDATION**

CAPELLA UNIVERSITY,

    Defendant.

---

Charlene P. Kelley, 344 Coral Circle, McDonough, Georgia 30253, *Pro Se* Plaintiff.

Justin P. Rose, Esq., and Julian C. Zebot, Esq., Maslon LLP, 90 South Seventh Street, Suite 3300, Minneapolis, Minnesota 55402, for Defendant.

---

## INTRODUCTION[1]

Plaintiff Charlene Kelley sued Defendant Capella University in conciliation court in Hennepin County, Minnesota. Capella removed the case to state district court, where the Hennepin County district court concluded that Kelley's Complaint raised claims for (1) sexual harassment under Title IX of the Education Amendments of 1972 and (2) racial discrimination under Title VI of the Civil Rights Act of 1964. Cappella again removed the case, this time to federal court, where it now moves to dismiss Kelley's Complaint for failing to state a claim upon which relief can be granted. Because Kelley does not allege that Capella knew of the inappropriate conduct of its instructor such that

---

[1] This matter was referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.

it may be considered to have demonstrated even deliberate indifference, her Complaint must be dismissed.

## FINDINGS OF FACT

In November 2017, Kelley filed a Statement of Claim and Summons in Hennepin County conciliation court, seeking $15,000. She alleged, in totality, as follows:

> As of May 2017 was PhD doctorate student. Was discharged from PhD program. No counseling. Overt/covert racism towards grading/systematically failed me, collected federal government funds VA 9/11. I was accused of being a fraud by PhDs. Never attempted to help.

Notice of Removal Ex. A (Statement of Claim and Summons), Docket No. 1. Capella removed the case to Hennepin County district court, *Id.* at Ex. D, at 2, and moved for a more definitive statement of the claims. *Id.* at Ex. C.

Following a hearing in which Kelley appeared by phone, the Hennepin County district court issued an order construing the Complaint as stating claims for "(1) racial discrimination, in violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d et seq.; and (2) sexual harassment, in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 et seq." *Id.* at Ex. D, at 1 (Hennepin County District Court Order). The court further construed Kelley's Complaint as setting forth the following factual allegations:

1. Plaintiff was a PhD student in the organizational leadership program at Capella University in 2016-17.

2. In July 2016, a Capella University professor named Dr. Randall harassed her as she was about to begin a residency class in Arlington, Virginia, by saying she had not submitted the necessary coursework before starting the residency. Plaintiff maintains she had submitted the necessary coursework. Because of other issues involved in moving, she decided to withdraw from that class and take it again in 2017. She alleges she was told by her academic advisor, Janice Knight, that the withdrawal had been accomplished. Despite having withdrawn, the

> Plaintiff alleges Capella advised the US Army that she had failed the class by not participating in it. The US Army sought to collect $1,400 from Plaintiff based on the information provided by Capella.
>
> 3. In 2017, Plaintiff registered for the class again. The same professor was responsible for the residency, this time located in Dallas. Again he advised her that he had not received the coursework necessary to begin the residency. Plaintiff maintains she had submitted the coursework, and she re-submitted it, copying several others at Capella. When she got to the residency in Dallas, she alleges Professor Randall was disrespectful and rude to her, made sexist and racist remarks about her appearance, advised the entire class that he had failed her in the past, and said, "Black cockroaches will not be getting a PhD from Capella."
>
> 4. Plaintiff was subsequently told that she had been academically withdrawn from the program based on failing this class.
>
> 5. Plaintiff seeks recovery of $15,000 in federal student loans, the proceeds of which were used to pay Capella's tuition for the semesters in question.

*Id.* at Ex. D, at 3-4.

Following the Hennepin court's clarification of the Complaint, Capella removed the case to this Court. It then brought the instant motion.

## CONCLUSIONS OF LAW

### I. Legal Standard

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court accepts all of the factual allegations in the complaint as true and draws all reasonable inference in favor of the plaintiff. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). While it need not be detailed, the complaint "must allege sufficient facts that, taken as true, 'state a claim to relief that is plausible on its face.'" *K.T. v. Culver-Stockton Coll.*, 865 F.3d 1054, 1057 (8th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). That is, it must contain more than "[t]hreadbare recitals of the elements of a

cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 662. "Though pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (internal citation omitted).

## II.     The Pleadings Before the Court

On a Rule 12(b)(6) motion, the court is generally limited to considering only what is contained in the pleadings. Fed. R. Civ. P. 12(b); *Shank v. Carleton Coll.*, 232 F. Supp. 3d 1100, 1108 (D. Minn. 2017). However, the court "may sometimes consider materials outside the pleadings, such as materials that are necessarily embraced by the pleadings and exhibits attached to the complaint." *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n. 4 (8th Cir. 2003). In the present case, this reasonably includes the allegations as stated in the state court order. The order effectively amended the Complaint by ordering it be construed to state facts that were not originally pleaded. There is no reason to upset the work done by the state court to clarify and advance this matter.

However, the Court cannot consider the facts which Kelley alleges for the first time in her response to Capella's motion. *See* Pl.'s Resp. to Mot. to Dismiss, Docket No. 15. These allegations far exceed what was originally pled, even as construed by the state court order, introducing new characters, new theories, and potentially new causes of action.

### III.     Kelley's Claims

Based upon the state court construction, Kelley's Complaint raises two claims[2]: (1) sexual harassment in violation of Title IX of the Education Amendments of 1972 and (2) racial discrimination in violation of the Civil Rights Act of 1964. The Complaint does not, however, allege facts that, if proven, would show that Capella is liable for the behavior of its instructor under the causes of action pled.

#### A.     Sexual Harassment

Title IX generally prohibits "any education program or activity receiving Federal financial assistance" from discriminating against any person on the basis of sex. 20 U.S.C. § 1681(a). Although this prohibition encompasses sexual harassment, a school is liable in damages for a Title IX claim "only where it is '(1) deliberately indifferent (2) to known acts of discrimination (3) which occur under its control.'" *Culver-Stockton Coll.*, 865 F.3d at 1057 (quoting *Ostrander v. Duggan*, 341 F.3d 745, 750 (8th Cir. 2003)); *see also Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 292-93 (1998) (stating that, unless Congress determines otherwise, the Court would "not hold a school district liable in damages under Title IX for a teacher's sexual harassment of a student absent actual notice and deliberate indifference"). In cases not involving an official policy of the school, knowledge of discrimination requires actual, not constructive, knowledge by "an official who at a minimum has authority to address the alleged discrimination." *Gebser*,

---

[2]  There are facts in the Complaint, as well as allegation in Kelley's opposition motion, which suggest Kelley believes Capella has engaged in other misconduct. But, as is, the Complaint cannot be construed to state any additional claims other than those identified by the state court. *See Stone*, 364 F.3d at 914 (citing the Tenth Circuit for the proposition that a court should not "construct a legal theory for plaintiff that assumes facts that have not been pleaded).

524 U.S. at 290. Deliberate indifference requires "an official decision by the recipient [school] not to remedy the violation." *Id.*

Kelley's Complaint does not adequately state either actual knowledge or deliberate indifference by Capella regarding the alleged conduct by its instructor. It does not allege that anyone in a position to rectify the situation knew or was ever informed of Dr. Randall's conduct. Nor does it allege that any such person then took a clearly unreasonable response, or even that officials took no response at all after learning of the incident. Even assuming without deciding that the Complaint's allegation that the instructor made "sexist . . . remarks about [Kelley's] appearance," Notice of Removal at Ex. D, at 4, is more than a threadbare or conclusory statement, a sexual harassment claim under Title IX cannot be based upon *respondeat superior*; the school itself must demonstrate fault through its deliberate indifference. *Gebser*, 524 U.S. at 285.

Further, while this Court may—indeed, must—draw all reasonable inferences in favor of the Plaintiff, the inferential gaps to be filled here are too great. The Court would have to infer not just legal conclusions drawn from the facts, but also the existence of individuals and various actions and inactions, none of which were pled. For these reasons, Kelley's Complaint cannot be read to state a claim for sexual harassment under Title IX.

### B. Racial Discrimination

The Complaint also fails to state a claim for racial discrimination. Title VI of the Civil Rights Act of 1964 states that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving

Federal financial assistance." 42 U.S.C. § 2000d. Because a private right of action exists only for intentional discrimination, *Alexander v. Sandoval*, 532 U.S. 275, 280 (2001), a necessary element of a claim under Title VI is that "race, color, or national origin was the motive for the discriminatory conduct." *Thompson By and Through Buckhanon v. Bd. of Special Sch. Dist. No. 1 (Minneapolis)*, 144 F.3d 574, 581 (8th Cir. 1998). The Supreme Court has stated that it "interpret[s] Title IX consistently with Title VI." *Barnes v. Gorman*, 536 U.S. 181, 185 (2002). Thus, as with a Title IX claim, it is the school that is liable, not the individual. *See, e.g.*, *Price ex rel. Price v. Louisiana Dept. of Educ.*, 329 F. App'x 559, 561 (5th Cir. 2009) (citing *Shotz v. City of Plantation*, 344 F.3d 1161, 1171 (11th Cir. 2003)). And, when a plaintiff does not claim that a policy or official action of the school is discriminatory, but rather that one or more people under the school's control have engaged in discrimination, she must demonstrate the school's actual knowledge and deliberate indifference. *See Pruitt v. Anderson*, Civil No. 11-2143 (DSD/JJK), 2012 WL 104540, at *2 (D. Minn. Jan. 12, 2012) (adopting the Title IX harassment framework for Title VI racial harassment); *see also Lachaab v. State Univ. of New York Bd. of Tr.*, 715 F. App'x 73 (2d Cir. 2018) (Summary Order) (requiring plaintiff alleging Title VI harassment to plead "(1) substantial control, (2) severe and discriminatory harassment, (3) actual knowledge, and (4) deliberate indifference"); *Price ex rel. Price*, 329 F. App'x at 561 (dismissing Title VI claim that did "not contain a single allegation of discriminatory intent on the part of the institutional defendants, and thus fail[ed] to state a valid claim against them").

Kelley's Complaint does not ascribe discriminatory motives to Capella's actions. Although it alleges potentially discriminatory conduct on the part of Capella's employee,

Dr. Randall, the Complaint itself states that Capella withdrew her because she failed the class. It does not assert in any way that Capella had knowledge of Dr. Randall's alleged statements and behavior, such that her withdrawal may reasonably be inferred as pretextual on the part of the institution. Similarly, without pleadings to the effect that Capella actually knew of and failed to take meaningful action about Dr. Randall's behavior, the Complaint cannot state a claim for race-based harassment. As it is written, Kelley's claim for racial discrimination must be dismissed.

## RECOMMENDATION

For the reasons set forth above, THE COURT RECOMMENDS THAT Defendant's Motion to Dismiss [Docket No. 4] be GRANTED WITHOUT PREJUDICE. Plaintiff may have 30 days to file a new complaint.

Dated: September 28, 2018

*s/ David T. Schultz*
DAVID T. SCHULTZ
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in LR 72.2(c).